**STATE ex BENNETT v INDUST COMM**

Ohio Appeals, 1st Dist, Hamilton Co

No 4769.   Decided May 6, 1935

Shook, Davies, Hoover & Beall, Cincinnati, for plaintiff.

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. Gen., Columbus, and Stewart S. Cooper, Cincinnati, Special Counsel, for defendant.

trial Commission of Ohio, 128 Oh St, 27, the syllabi of which are as follows:

"Under the provisions of §1465-90, GC, a claimant for compensation, upon filing application therefor within the period fixed therein, is entitled to a rehearing of his claim if denial of his right to receive compensation or to continue to receive compensation was based upon the ground that the commission did not have jurisdiction of the claim.

"A claimant, having failed to file such application within the prescribed period, cannot by subsequently filing an application for modification of award revest himself with the right lost by failure to comply with the requirement of the statute."

We quote from the opinion, pages 30 and 31:

"The relator seeks to compel a rehearing of his claim. Under the provisions of §1465-90, GC, the claimant must be accorded a rehearing when the commission bases its denial of the right of claimant to receive compensation, or to continue to receive compensation, upon the finding that the commission has no jurisdiction of the claim. If it be found by the commission that the disability originally manifested, or the disability subsequently developed, was not the result of the injury sustained, and compensation is disallowed or its continuance denied for such reason, a rehearing must be allowed. Industrial Commission v Phillips, 114 Oh St, 607, 151 NE, 769; State ex Cezkovsky v Industrial Commission, 126 Oh St, 434, 185 NE, 807. Hence, if the denial of further compensation was based upon jurisdictional ground, relator was entitled to a rehearing if application were filed as required by statute.

"Whenever in an action similar to this the question has been presented whether a denial of compensation by the commission was upon jurisdiction grounds, going to the basis of the claimant's right, this court has considered the entire record before the Industrial Commission to determine that question. Industrial Commission v Phillips, supra; State ex Araca v Industrial Commission, 125 Oh St, 426, 181 NE, 870.

"A consideration of the record in this case requires the conclusion that the denial of further compensation was upon jurisdictional grounds going to the basis of the claimant's right to participate in the fund. We make the observation that the exercise of proper care over its orders and entries

## OPINION

By ROSS, PJ.

Taking the allegations of the petition as proved, we consider this case fully covered by the case of State ex Randolph v Indus-

by the Industrial Commission, and greater accuracy in its procedure in that respect, would merit commendation. However, a consideration of the entire record makes it quite apparent that the commission's action was a denial of further compensation upon the ground that the claimant had been paid for the full period of his disability. The view most favorable to claimant is that such action was based upon the conclusion that his disability did not result from an industrial accident.

"Upon the adverse finding and announced refusal to allow further compensation upon the ground indicated the right then accrued if it accrued at all, to file an application for rehearing. If it be claimed that the action of August 4, 1931, was not a denial on jurisdictional grounds, then there has been no action by the commission which would serve as a predicate for an application for rehearing. The filing of an application for modification of award subsequent to the expiration of the thirty days does not serve to present any question other than that which was before the commission prior to August 4, 1931, and it was therefore properly dismissed by the commission. An application for rehearing thereafter and subsequent to the period prescribed by statute is of no avail. The claimant having failed to file such application within the prescribed period cannot by subsequently filing an application for modification of award revest himself with the right lost by failure to comply with the requirement of the statute. Industrial Commission v Glenn, 101 Oh St, 454, 129 NE, 687."

If the denial of the claim was not upon jurisdictional grounds, of course, the decision of the Commission is final. State ex Depalo v Industrial Commission of Ohio, 128 Oh St, 410. The record in the instant case forms a germane predicate for the application of the law noted.

It is contended that the Commission is estopped to assert the limitation contained in the statute because its agents continued hearings after the final order effective to deny its jurisdiction to entertain the claim from which no application for rehearing was filed. Even if such acts amounted to conduct constituting in a proper case what might be termed estoppel—and it is our conclusion they do not—the Commission cannot obviate the provisions of a specific statute directly applicable to the circumstances involved. If such were the case the Commission upon application, or upon its own motion, could reinstate a case spe-

cifically barred by the operation of the limitation of the statute. No one would contend that the Commission has such power. Manifestly it cannot be estopped into doing what it could not consciously do by direct act.

The writ is denied.

MATTHEWS and HAMILTON, JJ, concur.